# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST; BOARD OF TRUSTEES OF THE IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST; BOARD OF TRUSTEES OF THE IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN; IRON WORKERS LOCAL NO. 103 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS; IRON WORKERS LOCAL NO. 321 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS; IRON WORKERS LOCAL NO. 782 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS, <br><br> Plaintiffs, <br><br> vs. <br><br> BARNHART CRANE & RIGGING CO., a Tennessee Corporation, <br><br> Defendant. | CASE NO.:  4:22-cv-1049 |

## **COMPLAINT**

NOW COME the Plaintiffs, the BOARD OF TRUSTEES OF THE IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST, the BOARD OF TRUSTEES OF THE IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST, and the BOARD OF TRUSTEES OF THE IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN (collectively, "Boards of Trustees"); Iron Workers Local No. 103 of the International Association

1

of Bridge, Structural, Ornamental and Reinforcing Iron Workers ("Local 103"); Iron Workers Local No. 321 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers ("Local 321"); And Iron Workers Local No. 782 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers ("Local 782"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant, BARNHART CRANE & RIGGING CO., ("Barnhart"), and allege as follows:

## JURISDICTION AND VENUE

1. Count I of this action arises under Section 502 and 515 of the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145). The Court has jurisdiction over the subject matter of Count I pursuant to 29 U.S.C. §§ 1132 and 1145, as well as 28 U.S.C. § 1331.

2. Counts II, III, and IV of this action arise under Section 502 and 515 of ERISA and Section 301 of the Labor Management Relations Act of 1947, as amended, (29 U.S.C. § 185).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Iron Workers St. Louis District Council Pension Trust ("Pension Fund"), the Iron Workers St. Louis District Council Annuity Trust ("Annuity Fund"), and the Iron Workers St. Louis District Council Welfare Plan ("Welfare Fund") (collectively "IWSTLDC Trust Funds") are administered within the jurisdiction of the United States District Court for the Eastern District of Missouri, Eastern Division.

## PARTIES

4. The Boards of Trustees are comprised of both Employer and Union Trustees.

5. The Boards of Trustees are fiduciaries of the IWSTLDC Trust Funds.

6. The IWSTLDC Trust Funds receive contributions from numerous employers pursuant to

2

Collective Bargaining Agreements ("CBAs") with the various local unions that comprise the Iron Workers St. Louis District Council as well as the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers Union, AFL-CIO ("IW International Union"), and therefore, are multi-employer benefit plans as defined by 29 U.S.C. § 1002.

7. The IWSTLDC Trust Funds were established and are administered pursuant to the terms and provisions of their respective Agreements and Declarations of Trust ("Trust Agreements").

8. Pursuant to 29 U.S.C. § 1132(a)(3), the Boards of Trustees are authorized to bring this action on behalf of the participants and beneficiaries of the IWSTLDC Trust Funds for the purpose of collecting unpaid contributions.

9. Iron Workers Local No. 46 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers ("Local 46") is a labor organization located in Springfield, Illinois and is part of the Iron Workers St. Louis District Council.

10. The Local 46 CBAs require contributions to the IWSTLDC Trust Funds, as well as several ancillary funds.

11. Local 103 is a labor organization located in Evansville, Indiana and is part of the Iron Workers St. Louis District Council.

12. Local 103 is the authorized collection agent for the Iron Workers Local 103 Apprenticeship and Training Fund; Midwest Ironworkers Advancement Program, Inc.; Ironworker Management Progressive Action Cooperation Trust ("IMPACT Fund"); Ironworkers Local 103 Vacation and Disability Fund; and the Iron Workers Local #103 Wage Stabilization Fund ("Local 103 Funds").

13. The Iron Workers Local 103 Apprenticeship and Training Fund is a multi-employer benefit plan as defined by 29 U.S.C. § 1002.

14. The Local 103 CBAs require contributions to the IWSTLDC Trust Funds, as well as the Local 103 Funds.

15. Local 321 is a labor organization located in Little Rock, Arkansas and is part of the Iron Workers St. Louis District Council.

16. Local 321 is the authorized collection agent for the Iron Workers Apprenticeship and Training Fund of Local # 321 and the IMPACT Fund ("Local 321 Funds").

17. The Iron Workers Apprenticeship and Training Trust Fund of Local #321 is a multi-employer benefit plan as defined by 29 U.S.C. § 1002.

18. The Local 321 CBAs require contributions to the IWSTLDC Trust Funds, as well as the Local 321 Funds.

19. Local 782 is a labor organization located in Paducah, Kentucky and is part of the Iron Workers St. Louis District Council.

20. Local 782 is the authorized collection agent for the Local 782 Joint Apprenticeship and Training Fund; IMPACT Fund; Market Recovery Fund; and Egyptian Builders and Organized Labor Together Trust Fund ("EBOLT Fund") ("Local 782 Funds").

21. The Local 782 Joint Apprenticeship and Training Fund is a multi-employer benefit plan as defined by 29 U.S.C. § 1002.

22. The Local 782 CBAs require contributions to the IWSTLDC Trust Funds, as well as the Local 782 Funds.

23. The Defendant Barnhart is a Tennessee corporation with its principal place of business in Memphis, Tennessee.

**FACTS COMMON TO ALL COUNTS**

24. Barnhart is an employer engaged in an industry affecting commerce.

25. Barnhart is signatory to a National Maintenance Agreement with the IW International Union ("National Maintenance Agreement").

26. Pursuant to the provisions of the National Maintenance Agreement, Barnhart is obligated to pay wages and fringe benefit contributions in accordance with the provisions of the local CBA applicable to the territorial jurisdiction in which the work is performed.  As such, the IWSTLDC Trust Funds, as well as the Local 103 Funds, Local 321 Funds, and Local 782 Funds, are all third-party beneficiaries to the National Maintenance Agreement and applicable local CBA for work performed within the territorial jurisdiction of the Iron Workers St. Louis District Council.

27. The National Maintenance Agreement further binds Barnhart to the provisions of the IWSTLDC Trust Funds' Trust Agreements for all work performed within the territorial jurisdiction Iron Workers St. Louis District Council.

28. Barnhart is also directly signatory to at least one Participation Agreement with the IWSTLDC Trust Funds. (A copy of the Participation Agreement is attached hereto as **Exhibit 1**).

29. The terms of the Participation Agreement require Barnhart to pay contributions to the IWSTLDC Trust Funds for all work performed within the territorial jurisdiction of the Iron Workers St. Louis District Council in accordance with the then current local CBA applicable to the jurisdiction where the work is performed.

30. Pursuant to the provisions of the Participation Agreement, Barnhart further agreed to be bound to the IWSTLDC Trust Funds' Trust Agreements.

5

31. Pursuant to the Trust Agreements, the Boards of Trustees adopted an Audit and Collection Policy and Procedures ("Audit and Collection Policy"), which governs the collection of employer contributions and payroll compliance audits. (A copy of the Audit and Collection Policy is attached hereto as **Exhibit 2**).

32. Pursuant to National Maintenance Agreement, local CBAs, Trust Agreements, and Audit and Collection Policy, Barnhart is obligated to submit contribution reports and contribution payments to the IWSTLDC Trust Funds on behalf of its bargaining unit employees (hereinafter referred to as "Contribution Reports").

33. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the National Maintenance Agreement, local CBAs, Trust Agreements, and Audit and Collection Policy, employers who fail to submit their Contribution Reports and/or contribution payments to the IWSTLDC Trust Funds in a timely manner are responsible for the payment of liquidated damages, interest, and reasonable attorney's fees and costs associated with collecting the delinquent contributions.

34. Pursuant to 29 U.S.C. § 1059, Barnhart is required to maintain records with respect to each of its employees sufficient to determine the benefits due or which may become due to such employees.

## COUNT I
## BREACH OF CONTRACT – IWSTLDC TRUST FUNDS

35. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-34 of this Complaint with the same force and effect as if fully set forth herein.

36. Pursuant to the National Maintenance Agreement, Local 46 CBAs, Local 103 CBAs, Local 321 CBAs, Local 782 CBAs (hereinafter "Local CBAs"), IWSTLDC Trust Agreements, and the Audit and Collection Policy, the IWSTLDC Trust Funds' auditor performed a

6

series of payroll compliance audits of Barnhart for the period of October 1, 2016, through September 30, 2019.

37. The audits for the period of October 1, 2016, through September 30, 2019, revealed that Barnhart failed to pay the IWSTLDC Trust Funds the aggregate amount of $107,037.52 for work performed in the jurisdictions of Local 46, Local 321, and Local 782, itemized as follows:

| Type: | Local Union: | Amount: |
|---|---|---|
| Contributions | 46 | $2,797.76 |
| Liquidated Damages | 46 | $279.78 |
| Interest | 46 | $1,897.27 |
| Contributions | 321 | $50,222.22 |
| Liquidated Damages | 321 | $5,022.22 |
| Interest | 321 | $34,469.11 |
| Contributions | 782 | $7,599.48 |
| Liquidated Damages | 782 | $759.95 |
| Interest | 782 | $3,989.73 |
| **Total:** | | **$107,037.52** |

38. In September 2022, Barnhart paid the contributions, liquidated damages, and interest owed to the IWSTLDC Trust Funds for work performed within the jurisdiction of Local 46 and Local 782 for the period of October 1, 2016, through September 30, 2019, as identified by the audits.

39. Barnhart has a continuing obligation to pay contributions to the IWSTLDC Trust Funds and, as a result, additional monies may be owed for subsequent periods that can only be identified by an additional payroll audit.

40. The IWSTLDC Trust Funds have been required to employ the undersigned counsel to collect the monies that are due and owing from Barnhart.

41. Barnhart is obligated to pay the reasonable attorneys' fees and court costs incurred by the IWSTLDC Trust Funds pursuant to the National Maintenance Agreement, Local CBAs,

7

Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, the Boards of Trustees respectfully request that:

A. Judgment be entered in favor of the IWSTLDC Trust Funds and against Defendant Barnhart in the aggregate amount of $89,713.55, itemized as follows:

 i. $50,222.22 in contributions;

 ii. $5,022.22 in liquidated damages; and

 iii. $34,469.11 in interest;

B. Barnhart be ordered to submit to an additional payroll compliance audit for the period of October 1, 2019 through present;

C. Judgment be entered in favor of the IWSTLDC Trust Funds and against Defendant Barnhart for any other contributions, liquidated damages, and/or interest found to be due and owing in addition to the amounts referenced in Paragraph A;

D. Defendant Barnhart be ordered to pay the reasonable attorneys' fees and costs incurred by the Boards of Trustees on behalf of the IWSTLDC Trust Funds pursuant to the CBA, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D); and

E. The IWSTLDC Trust Funds have such other and further relief as the Court may deem just and equitable all at Defendant Barnhart's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT II
## BREACH OF CONTRACT – LOCAL 103 AND LOCAL 103 FUNDS

42. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-41 of this Complaint with the same force and effect as if fully set forth herein.

43. At all times material herein, Barnhart was bound to the Local 103 CBAs through the National Maintenance Agreement and Participation Agreement with the IWSTLDC Trust

8

Funds.

44. Pursuant to the Local 103 CBAs, Barnhart is required to remit contributions and work assessments to Local 103 and the Local 103 Funds.

45. Pursuant to the Local 103 CBAs, if work assessments are not received by the fifteenth (15th) day of the month following the month in which the work was performed, the employer is responsible for interest at the rate of one percent (1%) of the total due for the balance of the month in which the money should have been received, and an additional one percent (1%) for each full or partial month thereafter until payment of the amount due plus interest.

46. Local 103 and the Local 103 Funds conducted a payroll audit of Barnhart for the period of January 1, 2017 through November 30, 2020 ("Local 103 Audit").

47. The Local 103 Audit revealed that Barnhart owes contributions and work assessments in the amount of $202,228.13 for January 1, 2017 through November 30, 2020, itemized as follows:

| Type: | Amount: |
|---|---|
| Contributions | $138,255.61 |
| Work Assessments | $63,972.52 |
| **Total:** | **$202,228.13** |

48. Barnhart breached its contractual obligation to Local 103 and the Local 103 Funds by failing to pay the contributions and work assessments identified above.

49. Barnhart is liable for interest on unpaid work assessments in an unknown amount.

50. Barnhart has a continuing obligation to pay contributions and work assessments to Local 103 and the Local 103 Funds and as a result, additional monies may be owed for subsequent periods that can only be identified by an additional payroll audit.

**WHEREFORE**, Local 103 respectfully requests that:

A. Judgment be entered in favor of Local 103 and against Defendant Barnhart in the amount of $202,228.13, itemized as follows:

   i. $138,255.61 in contributions; and

   ii. $63,972.52 in work assessments.

B. Judgment be entered in favor of Local 103 and against Defendant Barnhart in an unknown amount for interest owed as a result of Barnhart's delinquent work assessments;

C. Barnhart be ordered to submit to an additional payroll compliance audit for the period of December 1, 2020 through present; and

D. Judgment be entered in favor of Local 103 and against Defendant Barnhart for any other contributions or work assessments found to be due and owing in addition to the amounts referenced in Paragraphs A and B above.

## COUNT III
## BREACH OF CONTRACT – LOCAL 321 AND LOCAL 321 FUNDS

51. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-50 of this Complaint with the same force and effect as if fully set forth herein.

52. At all times material herein, Barnhart was bound to the Local 321 CBAs through the National Maintenance Agreement and Participation Agreement with the IWSTLDC Trust Funds.

53. Pursuant to the Local 321 CBAs, Barnhart is required to remit contributions and work assessments to Local 321 the Local 321 Funds.

54. Pursuant to the Local 321 CBAs, Barnhart is obligated to pay a one-time liquidated damages charge of ten percent (10%) on all delinquent work assessments owed to Local 321.

55. Local 321 and the Local 321 Funds conducted a payroll audit of Barnhart for the period of January 1, 2017 through November 30, 2020 ("Local 321 Audit").

56. The Local 321 Audit revealed that Barnhart owes contributions and work assessments for January 1, 2017 through November 30, 2020 in the amount of $217,274.76, itemized as follows:

| Type: | Amount: |
|---|---|
| Contributions | $42,492.99 |
| Work Assessments | $174,781.77 |
| **Total:** | **$217,274.76** |

57. Barnhart breached its contractual obligation to Local 321 and the Local 321 Funds by failing to pay contributions and work assessments identified above.

58. Barnhart is liable for liquidated damages on the unpaid work assessments revealed during the audit in the amount of $17,478.18.

59. Barnhart has a continuing obligation to pay contributions and work assessments to Local 321 and the Local 321 Funds and as a result, additional monies may be owed for subsequent periods that can only be identified by a payroll compliance audit

60. Local 321 has been required to employ the undersigned counsel to collect the monies that are due and owing from Barnhart.

**WHEREFORE**, Local 321 respectfully requests that:

A. Judgment be entered in favor of the Local 321 and against Defendant Barnhart in the amount of $217,274.76, itemized as follows:

    i. $42,492.99 in contributions; and

    ii. $174,781.77 in work assessments.

B. Judgment be entered in favor of Local 321 and against Defendant Barnhart in the amount

11

       of $17,478.18 for liquidated damages owed as a result of Barnhart's delinquent work assessments;

C.    Barnhart be ordered to submit to an additional payroll compliance audit for the period of December 1, 2020 through present; and

D.    Judgment be entered in favor of Local 321 and against Defendant Barnhart for any other contributions or work assessments found to be due and owing in addition to the amounts referenced in Paragraphs A and B above.

## COUNT IV
## BREACH OF CONTRACT – LOCAL 782 AND LOCAL 782 FUNDS

61.    Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-60 of this Complaint with the same force and effect as if fully set forth herein.

62.    At all times material herein, Barnhart was bound to the Local 782 CBAs through the National Maintenance Agreement and Participation Agreement with the IWSTLDC Trust Funds.

63.    Pursuant to the Local 782 CBAs, Barnhart is required to remit contributions and work assessments to Local 782 and the Local 782 Funds.

64.    Pursuant to the Local 782 CBAs, Barnhart is obligated to pay a one-time liquidated damages charge of ten percent (10%) on all delinquent work assessments owed to Local 782.

65.    Local 782 and the Local 782 Funds conducted a payroll audit of Barnhart for the period of January 1, 2017 through November 30, 2020 ("Local 782 Audit").

66.    The Local 782 Audit revealed that Barnhart owes contributions and work assessments for January 1, 2017 through November 30, 2020 in the amount of $128,568.36, itemized as follows:

| Type: | Amount: |
|---|---|
| Contributions | $46,179.66 |
| Work Assessments | $82,388.70 |
| Total: | **$128,568.36** |

67. Barnhart breached its contractual obligation to Local 782 and the Local 782 Funds by failing to pay contributions and work assessments identified above.

68. Barnhart is liable for liquidated damages on the unpaid work assessments revealed during the audit in the amount of $8,238.87.

69. Barnhart has a continuing obligation to pay contributions and work assessments to Local 782 and the Local 782 Funds and, as a result, additional monies may be owed for subsequent periods that can only be identified by a payroll compliance audit.

70. Local 782 has been required to employ the undersigned counsel to collect the monies that are due and owing from Defendant Barnhart.

**WHEREFORE**, Local 782 respectfully requests that:

A. Judgment be entered in favor of the Local 782 and against Defendant Barnhart in the amount of $128,568.36, itemized as follows:

   i. $46,179.66 in contributions; and

   ii. $82,388.70 in work assessments.

B. Judgment be entered in favor of Local 782 and against Defendant Barnhart in the amount of $8,238.87 for liquidated damages owed as a result of Barnhart's delinquent work assessments;

C. Barnhart be ordered to submit to an additional payroll compliance audit for the period of December 1, 2020 through present; and

D. Judgment be entered in favor of Local 782 and against Defendant Barnhart for any other

contributions or work assessments found to be due and owing in addition to the amounts referenced in Paragraphs A and B above.

Respectfully Submitted,

**BRD. OF TRS. OF THE IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST** *et al.*

/s/ William M. Blumthal, Jr.
*One of Plaintiffs' Attorneys*
William M. Blumthal, Jr.
Bar No. 6281041IL
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 372-8587
blumthal@johnsonkrol.com