UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE IRON WORKERS ST LOUIS DISTRICT COUNCIL PENSION TRUST, BOARD OF TRUSTEES OF THE IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST, BOARD OF TRUSTEES OF THE IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN, IRON WORKERS LOCAL NO. 103 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS, IRON WORKERS LOCAL NO. 321 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS, and IRON WORKERS LOCAL NO. 782 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:22 CV 1049 JMB ) |
| BARNHART CRANE & RIGGING CO., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Reconsideration (Doc. 147) to which Defendant responded (Doc. 153) and Plaintiffs replied (Doc. 156). For the reasons set forth below, the Motion is **DENIED**.

Page **1** of **4**

**Background**

On May 28, 2024, judgment was entered in favor of Defendant pursuant to two Memoranda and Orders entered on March 25, 2024 (Doc. 136) and May 28, 2024 (Doc. 137).  In the first Memorandum and Order, Defendant was granted judgment on Count III, alleging claims by Local 321, in part because Plaintiffs did not demonstrate that Defendant is bound to Local 321's CBA. In the second Memorandum and Order, Defendant was granted judgment on Counts I, II, and IV. As to those claims, the Court found that Plaintiffs failed to prove damages.  Plaintiffs now seek reconsideration of those Memoranda and Orders, arguing that the Court misinterpreted a Participation Agreement, misapprehends the fundamental nature of Collective Bargaining Agreements, erred in its determination of what constitutes expert opinion, and failed to consider the import of additional evidence on the issue of damages, among other things.

**Discussion**

The Federal Rules of Civil Procedure do not describe a motion for reconsideration; such motions are therefore considered either Rule 59(e) motions to alter or amend judgment or Rule 60(b) motions for relief from judgment or order.  Peterson v. Travelers Indem. Co., 867 F.3d 992, 997 (8th Cir. 2017).  This Court has broad discretion to grant or deny such motions.  Id.; United States ex rel. Holt v. Medicare Medicaid Advisors, Inc., 115 F.4th 908, 922 (8th Cir. 2024).  The substance of the motion determines whether it is a Rule 59(e) motion or a Rule 60(b) motion. Nordgren v. Hennepin Cty, 96 F.4th 1072, 1077 (8th Cir. 2024).

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than twenty-eight (28) days after entry of the judgment.  See FED. R. CIV. P. 59(e).  Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment.  White v. N.H. Dep't of Emp't Sec., 455 U.S. 445, 450 (1982).  Rule 59(e) motions are

Page **2** of **4**

limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." U.S. v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted).  Such motions cannot be used to introduce new evidence previously available, tender new legal theories, or raise arguments that could have been presented prior to judgment.  Nordgren, 96 F.4th at 1077.  Rule 60(b) provides for extraordinary relief only upon an adequate showing of exceptional circumstances.  FED. R. CIV. P. 60(b) (setting forth grounds upon which the Court may grant relief from judgment or order); U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc., 320 F.3d 809, 815 (8th Cir. 2003).

Upon review of the record and Plaintiffs' present motion, the Court declines to grant relief under Rules 59(e) or 60(b).  Plaintiffs do not point to any mistake, newly discovered evidence, fraud, or other exceptional circumstance that would justify such relief.  Instead, Plaintiffs seek reconsideration of the merits in this matter, which were previously considered by the Court.  The Rules "[are] not a vehicle for simple reargument on the merits."  Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999).  For example, Plaintiffs' argument that the court misinterpreted the Participation Agreement is simply a disagreement about the meaning of the agreement or an attempt to interject arguments that were raised and rejected previously.  Plaintiffs' statements about the "fundamental" nature of collective bargaining agreements (Doc. 148, p 10) are unsupported by any case authority or other authority; references to various CBAs ignores the Court's conclusion that Plaintiffs did not present evidence that Barnhart signed or agreed to any of those agreements; and, references to other "long standing reciprocity agreements" is nowhere contained in Plaintiffs' brief on summary judgment (Doc. 70).  Plaintiffs' disagreement with the Court as to the nature of Mr. Soderstrom's and Mr. Stearnes' testimony and evidence is just that, a disagreement.  Finally, Plaintiffs had ample opportunity to point the Court to evidence that would

support damages; having failed to do so in the first instance, Plaintiffs cannot now highlight

previously available evidence that they could have raised in prior briefing.  See generally, Johnson

Trustee of Operating Engineers Local #49 Health and Welfare Fund v. Charps Welding &

Fabricating, Inc., 950 F.3d 510 (8th Cir. 2020) (outlining a party's duty to direct the court to

specific evidence supporting their claim for relief and to provide a meaningful legal analysis of

their claims so that the court need not "wade through and search an entire record" to find support

for the party's position).  In sum, Plaintiffs simply make arguments that they made or could have

made previously and have pointed to no exceptional circumstances that would warrant the

extraordinary relief permitted by Rules 59 or 60.

### Conclusion

For the foregoing reasons, Plaintiffs' Motion for Reconsideration (Doc. 147) is **DENIED**.


*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of February, 2025