UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE IRON ) <br> WORKERS ST LOUIS DISTRICT ) <br> COUNCIL PENSION TRUST, ) <br> BOARD OF TRUSTEES OF THE IRON ) <br> WORKERS ST. LOUIS DISTRICT ) <br> COUNCIL ANNUITY TRUST, ) <br> BOARD OF TRUSTEES OF THE IRON ) <br> WORKERS ST. LOUIS DISTRICT ) <br> COUNCIL WELFARE PLAN, ) <br> IRON WORKERS LOCAL NO. 103 OF THE ) <br> INTERNATIONAL ASSOCIATION OF ) <br> BRIDGE, STRUCTURAL, ORNAMENTAL ) <br> AND REINFORCING IRON WORKERS, ) <br> IRON WORKERS LOCAL NO. 321 OF THE ) <br> INTERNATIONAL ASSOCIATION OF ) <br> BRIDGE, STRUCTURAL, ORNAMENTAL ) <br> AND REINFORCING IRON WORKERS, and ) <br> IRON WORKERS LOCAL NO. 782 OF THE ) <br> INTERNATIONAL ASSOCIATION OF ) <br> BRIDGE, STRUCTURAL, ORNAMENTAL ) <br> AND REINFORCING IRON WORKERS, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> BARNHART CRANE & RIGGING CO., ) <br> ) <br>     Defendant. ) | Case No. 4:22 CV 1049 JMB |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Bill of Costs (Doc. 141), Defendant's

Motion for Attorney Fees (Doc. 142), and Plaintiffs' Motion to Hold in Abeyance Bill of Costs

(Doc. 149).  Defendant's Bill of Costs is **TAKEN UNDER ADVISEMENT**, Defendant's Motion

for Attorney Fees is **GRANTED**, and Plaintiffs' Motion to Hold in Abeyance Bill of Costs is

**GRANTED**.

**A.      Bill of Costs**

Federal Rule of Civil Procedure 54(d)(1) permits costs to a prevailing party after judgment is entered.  See also Local Rule 8.03.  Defendant submitted a bill of costs, totaling $4,815.95, for deposition costs and copies, which are taxable items, in a timely manner after judgment was entered (Doc. 138).  Plaintiffs seek to hold the taxing of costs in abeyance pending a ruling on the Motion for Reconsideration (Doc. 147); as such Plaintiffs have not filed any objection to the Bill of Costs within the time provided by Local Rule 8.03.  The Motion for Reconsideration has now been decided and costs should be taxed by the Clerk if appropriate.  However, Plaintiffs are **GRANTED** seven (7) days from the date of this Order to file specific objections to the Bill of Costs.  Defendant may file a response within seven (7) days of the Plaintiffs' objection, if any.  If no objection is filed, the Clerk of Court shall tax costs forthwith.

**B.      Motion for Attorney Fees**

Federal Rule of Civil Procedure 54(d)(2) permits a claim of attorney fees if filed within 21 days of entry of judgment.  See also Local Rule 8.02.  The Employee Retirement Income Security Act (ERISA) provides that in any action filed pursuant to the statute, "by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorneys' fee and costs of action to either party," 29 U.S.C. §1132(g), "as long as the fee claimant has achieved some degree of success on the merits."  Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 244 (2010).  Defendant succeeded on the merits of this case by prevailing on summary judgment.

In considering whether this Court should exercise its discretion and award attorney fees the Court may consider five non-exclusive factors that both parties cite.  See Johnson Trustee of Operating Engineers Local #49 Health and Welfare Fund v. Charps Welding & Fabricating, Inc., 950 F.3d 510, 525-526 (8th Cir. 2020).  These factors are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

Lawrence v Westerhaus, 749 F.2d 494, 465-496 (8th Cir. 1984) (per curiam) (citation and editing marks omitted); Martin v. Arkansas Blue Cross and Blue Shield, 299 F.3d 966, 971-972 (8th Cir. 2002) (en banc).  In ERISA cases, there is no presumption in favor of awarding attorney fees and no one factor is dispositive.  Id. (noting that once the Court has determined that fees should be awarded, it may consider other factors such as results obtained and the novelty of the questions presented).  The Court is mindful of the "role of ERISA's remedial nature in determining whether to award fees."  Starr v. Metro Systems, Inc., 461 F.3d 1036, 1040 (8th Cir. 2006).

Defendant argues that Plaintiffs acted to multiply these proceedings by not agreeing to early mediation or early briefing to resolve legal issues prior to discovery, which Plaintiffs threatened would be extensive.  Defendant states that such early negotiations and briefing would have obviated some discovery and limited Plaintiffs' claims on which Defendant had a legal or meritorious defense.  Defendant further argues and has provided evidence that Plaintiffs are capable of paying attorney fees because they have over $900,000,000 in assets and that an award of fees would deter other unions from unreasonably using strong-arm tactics to seek contributions to which they may not be entitled.  Finally, Defendant states briefly that an award of fees would benefit plan participants.  In response, Plaintiffs argue extensively that both Defendant and the Court have erroneously applied ERISA law and the Federal Rules of Civil Procedure to this litigation and that, in any event, they were merely zealously representing the interests of beneficiaries.  Plaintiffs provide no evidence refuting any of Defendant's factual statements.

1.    Bad Faith or Culpability

This Court does not find that Plaintiffs acted in bad faith in pursuing their claims, even though they ultimately did not prevail.  Defendant argues that Plaintiffs' hyperbolic threats of a lawsuit or threats to pursue "scorched earth" discovery and intransigence in early mediation or cross-motions for summary judgment demonstrate Plaintiffs' bad faith.  Defendant is not an unsophisticated litigant – idle threats of filing lawsuits and seeking attorney's fees, which are permitted by statute, could hardly have cowed Defendant into acceding to Plaintiffs' demands (even if unreasonable).  Certainly, Plaintiffs could have agreed to early mediation and cross motions on legal issues early in the case, thereby obviating some expensive discovery.  And, Plaintiffs may have engaged in discovery (a couple of depositions and perhaps third-party subpoenas) that appear, in hindsight, to be unnecessary.  There may also have been errors in disclosures and Plaintiffs' ultimate ability to prove up their claims.  These considerations, however, do not show bad faith; they merely show a party attempting to support their claims.  At best, this factor is neutral.

2.    Ability to Pay

It is undisputed that Plaintiffs have assets in the hundreds of millions – well over the amount of fees Defendant is seeking.  Plaintiffs points out (without reliance on any evidence) that much of these assets are "earmarked" for the benefit of plan participants.  While this may be true in general, Plaintiffs nonetheless (and presumably) have funds to pay auditors, attorneys, and perhaps others to pursue their own claims.  And, payment of attorney fees to a prevailing party pursuant to statute can be considered a "reasonable expense" of the plans.  There is no evidence that payment of attorney's fees would cause any Plaintiffs harm or harm to any beneficiaries.   This factor weighs in favor of awarding fees.

3.      Deterrence

Plaintiffs' litigation strategy can best be described as based on the premise that everyone must know that defendant companies always owe contributions whenever a union demands such contributions.  Unfortunately, Plaintiffs failed to reconcile contributions that Barnhart made to other local unions or demonstrate that it owed contributions into their funds.  Indeed, there is evidence that Plaintiffs' auditor and expert, Mr. Soderstrom, did not bother to speak to the person at Barnhart who may have been most familiar with what contributions Barnhart paid, to whom, for what work, and in what location, Mr. Stearnes (Doc. 143-26, p. 11-12).  Plaintiffs failed to depose Mr. Stearnes even though he was disclosed and even though he was familiar with evidence (Barnhart's databases) relevant to this case (as demonstrated by Plaintiffs' reliance on those very databases in support if their request for reconsideration (Doc. 148, p. 13)).  Certainly, Plaintiffs should be deterred from pursuing litigation without paying closer attention to the contracts that form the basis of the litigation and the evidence from which contributions can be calculated.  This factor weighs in favor of awarding fees.

4.      Benefit to Plan Participants.

 Defendant makes an oblique argument that this case benefits plan participants by preventing, perhaps, Plaintiffs from diverting Barnhart's employees' wages to the Plaintiffs' funds as oppose to other funds.  The Court is not convinced.  This factor is at best neutral and at worst does not weigh in favor of awarding fees.

5.      Merits of the Parties' positions

As noted above, Defendant was granted summary judgment on all counts of the Amended Complaint.  On one Count, Defendant prevailed on the merits of the claim because Plaintiffs did not present a genuine issue of fact as to liability.  On the remaining Counts, Defendant prevailed

because of a failure of proof on damages. In part, Plaintiffs did recover some contributions from Defendant just prior to initiating litigation (Doc. 136, p. 10 and Doc. 143-11). On whole, however, there appears to be only a slight amount of merit to Plaintiffs' claims. In making their claims, Plaintiffs referred to agreements that either do not exist (like relevant CBAs or Participation Agreements signed or agreed to by Barnhart) or agreements that did not apply, like the Wind Turbine Agreement (Doc. 136, p. 3; Doc. 143-2). Plaintiffs presented multiple audit reports with wildly divergent conclusions based on assumptions that had no solid evidentiary support. And, Plaintiffs expected a factfinder to sift through reams of specialized data to determine what damages they may be owed, if any. Even if there was merit to Plaintiffs' claims, they were not presented to the Court in a convincing manner and consistent with the Federal Rules. This factor weighs in favor of awarding fees.

After being guided by the factors, the Court finds that Defendant is entitled to attorney fees in this matter. Starr, 461 F.3d at 1041 (awarding attorney fees without a showing of bad faith).

The reasonableness of attorney fees is based on the lodestar method where the amount of reasonable hours expended is multiplied by a reasonable hourly rate. See M.B. by Eggemeyer v. Tidball, 18 F.4th 565, 567-568 (8th Cir. 2021). Defendant bears the burden of showing an "entitlement to an award." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Plaintiffs may rebut the reasonableness of the request by presenting contrary evidence. See Blum v. Stenson, 465 U.S. 886, 892 n.5 (1984). Defendant has submitted a billing record specifying its attorneys' hourly rates and the dates and amount of time spent on particular actions with respect to this case. Defendant has presented no evidence that its hourly rates are reasonable or that the amount of time spent on this case is likewise reasonable (i.e., there is no affidavit setting forth the reasonableness of the rate or time spent on this case). On the other hand, Plaintiffs only vaguely assert that the

amount of time billed is unreasonable and offer no argument that the hourly rate is unreasonable. That is, Plaintiffs do not specify which line-items in the billing statement are unreasonable.[1]

The Court cannot determine the reasonableness of the fees sought by Defendant at this time based on the foregoing. Accordingly, the parties will be granted an opportunity to justify the reasonableness (or unreasonableness) of the fees requested. Prior to filing any briefs, the parties shall meet and confer to determine what disputes exist as to the fees requested. The parties are reminded that fee petitions should not result in secondary litigation and that they are expected to be cooperative and reasonable in their positions. It shall be unnecessary to raise any arguments that have already been raised in briefing – at this point, the Court is only concerned with the reasonableness of the fees requested and not whether the fees should be imposed. The parties should attach whatever evidence is appropriate and necessary for a consideration of the reasonableness of the fees requested.

## C.    Conclusion

For the foregoing reasons, Defendant's Bill of Costs (Doc. 141) is **TAKEN UNDER ADVISEMENT**, Defendant's Motion for Attorney Fees (Doc. 142) is **GRANTED**, and Plaintiffs' Motion to Hold in Abeyance Bill of Costs (Doc. 149) is **GRANTED**. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs are **GRANTED** seven (7) days from the date of this Order to file specific objections to the Bill of Costs. Defendant may file a response within seven (7) days of the Plaintiffs' objection, if any. If no objection is filed, the Clerk of Court shall tax costs forthwith.

---

[1] Plaintiffs state that they are unable to access a sealed document setting forth an unredacted billing statement from Defendant's counsel (Doc. 155, p. 10 n.1). Plaintiffs were served that document (Doc. 145) through CM/ECF as memorialized in a Notice of Electronic Filing sent on June 18, 2024 at around 4:18 PM CDT. If counsel has trouble accessing documents in CM/ECF or did not receive notification, he should contact the Clerk's Office.

**IT IS FURTHER ORDERED** that the parties are granted twenty-one (21) days from the date of this Order to file briefs, no longer than 5 pages, discussing the reasonableness of the fees requested.  The parties should attach whatever evidence is appropriate and necessary for a consideration of the reasonableness of the fees requested.  Prior to filing briefs, the parties shall meet and confer to attempt to resolve any disputes as to the reasonableness of the fees requested. The subsequent briefs should only discuss fees in dispute.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of February, 2025