# United States Court of Appeals
### *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Susan E. Bindler**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

July 13, 2026

Joseph E. Mallon
JOHNSON & KROL
Suite 310
11611 N. Meridian Street
Carmel, IN  46032

RE:  25-1497  Iron Workers STL Pension Fund, et al v. Barnhart Crane & Rigging Co.

Dear Counsel:

The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion.

Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. Except as provided by Rule 25(a)(2)(iii) of the Federal Rules of Appellate Procedure, no grace period for mailing is allowed. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

Susan E. Bindler
Clerk of Court

DNS

Enclosure(s)

cc:   William M. Blumthal Jr.
      Clerk, U.S. District Court, Eastern District of Missouri
      Adam Decker
      Zachary S. Merkle
      Matthew Shorey

District Court/Agency Case Number(s):   4:22-cv-01049-JMB

# United States Court of Appeals
## *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Susan E. Bindler**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

July 13, 2026

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

    RE:  25-1497  Iron Workers STL Pension Fund, et al v. Barnhart Crane & Rigging Co.

Dear Sir or Madam:

    A published opinion was filed today in the above case.

    Counsel who presented argument on behalf of the appellant and appeared on the brief was Joseph E. Mallon, of Carmel, IN.

    Counsel who presented argument on behalf of the appellee and appeared on the brief was Zachary S. Merkle, of Saint Louis, MO. The following attorney(s) appeared on the appellee brief;  Matthew Shorey, of Saint Louis, MO.

    The judge who heard the case in the district court was Honorable John Max Bodenhausen.

    If you have any questions concerning this case, please call this office.

Susan E. Bindler
Clerk of Court

DNS

Enclosure(s)

cc:  MO Lawyers Weekly

    District Court/Agency Case Number(s):  4:22-cv-01049-JMB

# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1497

_____

Board of Trustees of the Iron Workers St. Louis District Council Pension Fund Trust; Board of Trustees of the Iron Workers St. Louis District Council Annuity Trust; Board of Trustees of the Iron Workers St. Louis District Council Welfare Plan; Iron Workers Local No. 103 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers; Iron Workers Local No. 321 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers; Iron Workers Local No. 782 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers

*Plaintiffs - Appellants*

v.

Barnhart Crane & Rigging Co., a Tennessee Corporation

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: November 18, 2025
Filed: July 13, 2026

_____

Before COLLOTON, Chief Judge, SHEPHERD and ERICKSON, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Plaintiffs, made up of local iron workers unions and union fund trustees, initiated this action pursuant to the Employment Retirement Income Security Act (ERISA) and the Labor Management Relations Act (LMRA), asserting various claims stemming from the allegation that Barnhart Crane & Rigging, Co., (Barnhart) failed to make the requisite contributions to the unions and union trust funds for work performed by its employees within Plaintiffs' territorial jurisdiction.  As relevant to this appeal, Barnhart filed a motion to exclude the testimony of one of Plaintiffs' witnesses, Bradley Soderstrom, for failure to disclose him as an expert witness, which the district court[1] granted insofar as Soderstrom's testimony offered expert opinions.  The district court also granted summary judgment in favor of Barnhart on one of Plaintiffs' claims because Barnhart was not a party or signatory to any agreement with the specific union involved and granted summary judgment on the remaining claims because, without Soderstrom's testimony, Plaintiffs had no admissible evidence of damages.  Barnhart then moved for an award of attorneys' fees, which the district court granted without setting the amount of fees.  Plaintiffs appeal, arguing that the district court erred in excluding Soderstrom's testimony and in granting summary judgment to Barnhart.  Plaintiffs also challenge the award of attorneys' fees.  Having jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's exclusion of evidence and summary judgment rulings.  However, we lack jurisdiction over the appeal as it relates to the award of attorneys' fees and dismiss that portion of the appeal.

I.

The Plaintiffs in this action consist of union fund trustees and individual unions.  The Board of Trustee plaintiffs are the Board of Trustees of the Iron Workers St. Louis District Council Pension Fund Trust; the Board of Trustees of the

---

[1]The Honorable John M. Bodenhausen, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

-2-

Iron Workers St. Louis District Council Annuity Trust; and the Board of Trustees of the Iron Workers St. Louis District Council Welfare Plan.  Each trust fund, which represents the Iron Workers St. Louis District Council (IWSTLDC), receives contributions from employers pursuant to the Collective Bargaining Agreements (CBAs) between the employers and the various unions affiliated with the IWSTLDC and the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers Union, AFL-CIO.  Each Board of Trustees is also authorized to initiate legal action on behalf of trust fund participants and beneficiaries to collect unpaid contributions from individual employers.  The union plaintiffs consist of three individual unions: Iron Workers Local No. 103 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers (Local 103); the Iron Workers Local No. 321 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers (Local 321); and Iron Workers Local No. 782 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers (Local 782).  Each union is part of the IWSTLDC.

Plaintiffs filed this action, alleging four separate causes of action pursuant to ERISA and the LMRA: breach of contract related to the IWSTLDC Trust Funds (Count 1); breach of contract related to the Local 103 CBAs (Count 2); breach of contract related to the Local 321 CBAs (Count 3); and breach of contract related to the Local 782 CBAs (Count 4).  According to Plaintiffs, Barnhart was bound by the local union CBAs, which obligated Barnhart to make certain contributions to both the unions and the union trust funds when Barnhart employees performed covered work within Plaintiffs' territorial jurisdiction.  Plaintiffs allege, however, that Barnhart failed to make the required contributions, resulting in a breach of its contractual obligations.  For each count, Plaintiffs identified the amounts they claimed they were owed, including interest and damages.

After discovery, Barnhart filed a motion for partial summary judgment, asserting that it was entitled to summary judgment on Count 3—the count involving Local 321—because it was not a signatory to Local 321's CBA, did not enter into any agreement with Local 321, and was not bound to make any contributions to

-3-

Local 321 or the associated trust funds pursuant to any other agreement.  Barnhart then filed a motion to exclude from trial Plaintiffs' disclosed witness, Soderstrom, asserting Plaintiffs were attempting to use him as an expert witness despite not having disclosed him as such and arguing his opinions were based on unreliable methodology.  Barnhart also sought summary judgment based on the lack of admissible evidence of damages.  On the same day, Plaintiffs filed their own motion for summary judgment, asserting that they were entitled to judgment in their favor on all counts.

The district court granted Barnhart's motion for partial summary judgment as it related to Count 3, granted Barnhart's motion for summary judgment as to Counts 1, 2, and 4, denied Plaintiffs' motion for summary judgment, and granted Barnhart's motion to exclude Soderstrom in part.  As to Barnhart's motion for partial summary judgment regarding Count 3 and Local 321, the district court concluded that, on the summary judgment record, Plaintiffs failed to provide sufficient evidence to demonstrate that Barnhart was obligated to pay any fringe benefits or contributions to Local 321 and its associated trusts, noting that Barnhart was not a party or signatory to the Local 321 CBA and that no other agreement bound Barnhart to Local 321.

As to Barnhart's motion to exclude, the district court detailed Soderstrom's audits and payroll compliance reports upon which Plaintiffs relied to calculate the amounts it claimed Barnhart failed to contribute.  The district court noted that, in making his calculations, Soderstrom admitted to making judgments and assumptions based on his experience and common procedures, and, that certain assumptions erred on the side of benefiting Plaintiffs.  Further, Soderstrom stated that the difference in the amount he calculated Barnhart owed in contributions between the versions of his reports was due to Plaintiffs' counsel requesting that he add additional contributions that Barnhart paid to other local unions and union trust funds, which resulted in an increased amount of damages Plaintiffs alleged they were owed.  The district court noted that Plaintiffs acknowledged they had not disclosed Soderstrom as an expert, arguing that he was a fact witness and thus need not be disclosed as an expert.  From

-4-

the outset, the district court acknowledged that "[t]he line between lay testimony and expert testimony can oftentimes be blurred," but ultimately concluded that Soderstrom sought to offer expert testimony.  The district court explained that Soderstrom made assumptions based on his knowledge of industry practices and his experiences along with instructions from Plaintiffs' counsel, and Plaintiffs presented no evidence that Soderstrom had personal knowledge underpinning these assumptions.  Thus, the district court concluded that Soderstrom's "opinion is not simply a lay opinion based on personal knowledge[;] it is an expert opinion based on his expertise and experience pursuant to Rule 702," and that Soderstrom was "being proffered as 'an expert witness in lay witness clothing.'"  The district court further concluded that Plaintiffs should have disclosed Soderstrom as an expert witness pursuant to Rule 26(a) of the Federal Rules of Civil Procedure but failed to do so.

The district court then rejected Plaintiffs' assertion that their failure to identify Soderstrom as an expert was substantially justified or harmless, meaning that they should not be subject to the normal penalty for failing to make an expert disclosure—exclusion of that witness or information.  The district court concluded that Plaintiffs' failure to disclose Soderstrom was not substantially justified because "Plaintiffs' miscalculation as to the import of Mr. Soderstrom's opinion in connection with Rule 26 does not provide substantial justification for the failure to disclose him as an expert witness."  Further, the district court concluded that the failure to disclose was not harmless, detailing the effect on Barnhart, including that significant litigation had already occurred and Barnhart had deposed Soderstrom without the ability to challenge his expert qualifications or methodology.  The district court recognized that excluding evidence is a harsh remedy; however, it concluded exclusion was warranted based on Plaintiffs' reasons for failing to disclose Soderstrom and the prejudicial effect on Barnhart.  The district court thus concluded that:

> Mr. Soderstrom may not provide testimony, evidence, or opinion based on any assumption he may have made unsupported by the evidence.

-5-

> Any testimony he provided, through his deposition or affidavit, related to assumptions unsupported by the evidence, may not be used to support Plaintiffs' claims either on summary judgment or at trial.  In addition, Plaintiffs may not use the . . . audit reports . . . , or any other report generated by Mr. Soderstrom or his firm that contain assumptions unsupported by the evidence, to support their claims on summary judgment or at trial.  Not only because they are undisclosed expert opinions, but also because their calculations as to damages are speculative.

The district court stated it would allow Plaintiffs to use any audit reports that did not rely on any assumptions unsupported by the evidence, noting, however, that this limited use would not save Plaintiffs' claims based on its ruling with respect to the summary judgment motion based on lack of admissible evidence of damages.

Finally, as to Barnhart's motion for summary judgment based on the lack of admissible evidence of damages, the district court first noted that, having determined that Soderstrom's audit reports and associated testimony were inadmissible, Plaintiffs were obligated to support their claim for damages with competent evidence.  The district court rejected Plaintiffs' contention that Soderstrom's audits were presumptively valid and thus could be used as a basis to support the claimed damages, noting that, consistent with its ruling on the motion to exclude, Barnhart provided evidence demonstrating that some of the assumptions contained in the audits were not accurate.  Next, the district court acknowledged that Plaintiffs did not necessarily need an expert to support their claimed damages; however, the district court explained that the Plaintiffs still "need[ed] to point the Court to evidence from which damages can be assessed."  The district court further rejected Plaintiffs' contention that, even in the absence of expert testimony, damages could be assessed from documentation Barnhart produced in the course of litigation, explaining that Plaintiffs made only general references to various spreadsheets and raw data that required explanation.  Ultimately, the district court concluded that "Plaintiffs, both in their response to this motion for summary judgment, and their own motion for summary judgment, hang their hat exclusively on Mr. Soderstrom's audits—they simply provide no other avenue from which damages can be calculated

-6-

or explained." Having already granted the motion for partial summary judgment on Count 3, the district court granted summary judgment based on lack of evidence of damages for Counts 1, 2, and 4 of the amended complaint.

The district court then entered judgment dismissing Plaintiffs' complaint with prejudice, after which Barnhart filed a motion for attorneys' fees. The district court granted the motion, concluding that ERISA allowed the award of fees where Barnhart had prevailed on summary judgment, and that the relevant factors weighed in favor of an award of fees. However, the district court concluded that it could not set the amount of fees because Barnhart had not presented any evidence as to the reasonableness of its requested hours and rates, and Plaintiffs only vaguely challenged the reasonableness of Barnhart's request. Accordingly, the district court provided the parties with the opportunity to more fully address the reasonableness of Barnhart's requested fees. The parties did not submit additional briefing and the district court did not make any further ruling before Plaintiffs filed their notice of appeal, challenging the district court's summary judgment and exclusion orders as well as the award of attorneys' fees.

II.

On appeal, Plaintiffs first assert that the district court erred in excluding Soderstrom's testimony and reports. Specifically, Plaintiffs argue that Soderstrom does not qualify as an expert witness under the Federal Rules of Evidence; that any assumptions that Soderstrom made were based on Barnhart's failure to maintain adequate records, a fact the district court ignored; that the district court erroneously concluded that Barnhart would be prejudiced; and, even if Soderstrom were an expert, Plaintiffs' failure to designate him as such is harmless or substantially justified. "We review the district court's decision to admit or exclude evidence for abuse of discretion, including decisions concerning the admission of expert testimony." Gruttemeyer v. Transit Auth., 31 F.4th 638, 643 (8th Cir. 2022) (citation omitted). Similarly, we review a district court's exclusion sanction for an abuse of discretion. Zick v. Paccar, Inc., 47 F.4th 672, 677 (8th Cir. 2022).

-7-

We note that the district court's decision to exclude expert testimony from Soderstrom was based both on the fact that Plaintiffs failed to disclose him as an expert witness and the fact that his damages model was speculative.  See R. Doc. 137, at 19 ("Plaintiffs may not use the . . . audit reports . . . , or any other report generated by Mr. Soderstrom or his firm that contain assumptions unsupported by the evidence, to support their claims on summary judgment or at trial.  Not only because they are undisclosed expert opinions, **but also because their calculations as to damages are speculative.**" (emphasis added)).  On appeal, Plaintiffs challenge only the district court's order as it relates to the disclosure issue and does not offer any challenge to the district court's conclusion regarding Soderstrom's methodology.  Accordingly, we affirm the district court's exclusion of Soderstrom on this basis alone and need not reach Plaintiffs' arguments regarding Soderstrom's status as an expert witness.  See Blakeley v. Schlumberger Tech. Corp., 648 F.3d 921, 934-35 (8th Cir. 2011) (stating that appellant did not challenge district court's alternative conclusion, waiving any argument on that basis, and concluding that appellant's claim thus failed as a matter of law).

## III.

Plaintiffs next assert that the district court erred in granting summary judgment to Barnhart.  Plaintiffs argue that, even without Soderstrom's testimony, there was competent evidence in the record to establish damages, namely, Barnhart's business records.  Plaintiffs also argue that, as to Count 3, the district court erroneously construed the relevant agreements to conclude that Barnhart was not bound to make payments to Local 321 or the associated trust funds.  "'We review de novo a district court's grant of summary judgment.'  Summary judgment is proper only if 'there is no genuine issue as to any material fact' and 'the moving party is entitled to judgment as a matter of law.'"  Avenoso v. Reliance Standard Life Ins. Co., 19 F.4th 1020, 1024 (8th Cir. 2021) (citation omitted).

Plaintiffs argue that various business records that Barnhart furnished during the course of the audits can be used to prove damages, even in the absence of expert testimony. Among these records are unemployment reports, payroll tax information and W-2s, contribution reports for unions and union trust funds outside of the IWSTLDC, and payments and records for non-covered hours of work performed. Plaintiffs assert that this record evidence could identify the relevant Barnhart employees, the wages they received, and whether contributions were made on their behalf. But Plaintiffs fail to acknowledge that what they have identified is voluminous data, in spreadsheet and remittance report form, that needs explanation for a jury to be able to discern whether it proves Plaintiffs' entitlement to damages. Indeed, Soderstrom himself provided three versions of his audit report, inherently suggesting that these business records are not the type from which a jury could readily assess damages. See Petrone v. Werner Enters., Inc., 42 F.4th 962, 969 (8th Cir. 2022) ("The evidence of damages was so voluminous and complicated that Plaintiffs' own expert had difficulty correctly calculating damages, demonstrating that this evidence is not of the type to which the jury could simply apply basic math principles in order to calculate damages without the assistance of expert testimony. In the absence of expert testimony, summary evidence of wages and hours would not 'assist the jury in understanding the testimony already introduced[.]'" (citation omitted)).

Summary judgment is appropriate because "Plaintiffs would be unable to prove damages," particularly where "the evidence [was] not of the type to which the jury could simply apply basic math principles." Id. As the district court noted, "Plaintiffs . . . hang their hat exclusively on Mr. Soderstrom's audits—they simply provide no other avenue from which damages can be calculated or explained." Without an expert, Plaintiffs wholly fail to carry their burden of proving damages, and the district court did not err in granting summary judgment on this basis. See Carpenters Fringe Benefit Funds of Ill. v. McKenzie Eng'g, 217 F.3d 578, 585 (8th Cir. 2000) (explaining that plaintiffs failed to meet burden of proving damages stemming from alleged failure to make ERISA contributions because the only evidence of damages was an audit report based on unfounded assumptions).

Because we conclude that the district court properly determined that Plaintiffs lacked admissible evidence of damages to prove their claims as it relates to Counts 1, 2, and 4, we similarly conclude that the same deficiency is fatal to Count 3 regarding Local 321.  We thus affirm the district court's grant of summary judgment on Count 3 on this basis and need not reach Plaintiffs' argument regarding whether Barnhart had a contractual obligation to make contributions to Local 321 or its affiliated trusts.  See Interstate Bakeries Corp. v. OneBeacon Ins. Co., 686 F.3d 539, 542 (8th Cir. 2012) ("We may affirm the judgment of the district court 'on any basis disclosed in the record, whether or not the district court agreed with or even addressed that ground.'" (citation omitted)).

## IV.

Finally, in their opening brief, Plaintiffs challenge the award of attorneys' fees, asserting that the facts and procedural history of this case did not warrant an award of fees.  However, in their reply brief, Plaintiffs concede that, because the district court did not set an amount of fees, this issue is not ripe for appeal.  We agree.  See Gates v. Cent. States Teamsters Pension Fund, 788 F.2d 1341, 1343 (8th Cir. 1986) ("'[A] claim for attorney's fees should be treated as a matter collateral to and independent of the merits of the litigation . . . . The district court's order on the claim for attorney's fees is separably appealable as a final judgment . . . .' However, an order awarding attorney's fees without determining the amount of that award is not an order which 'leaves nothing for the court to do but execute upon the judgment.'" (citations omitted)).  Accordingly, we dismiss the portion of the appeal challenging the award of attorneys' fees for lack of jurisdiction.

## V.

For the foregoing reasons, we dismiss the portion of the appeal challenging the award of attorneys' fees but otherwise affirm.

-10-

ERICKSON, Circuit Judge, concurring.

While I agree that the district court properly excluded Soderstrom's testimony and reports and granted summary judgment in favor of Barnhart,  I write separately to express my opinion that even if we reach the merits of Plaintiffs' argument that the district court erred by excluding Soderstrom's testimony and reports based on his nondisclosure as an expert witness, those arguments are unavailing.

In Plaintiffs' initial disclosures, Plaintiffs disclosed Soderstrom under Rule 26(a)(1) as "the auditor who performed the payroll compliance audit on behalf of the Trust Funds" and specified that Soderstrom "has knowledge regarding the wages paid to the Defendant's employees and the contributions, work assessments, liquidated damages, and interest owed to the Plaintiffs by the [sic] Barnhart." Plaintiffs did not disclose any experts under Rule 26(a)(2).  During discovery, Plaintiffs produced three audit reports written by Soderstrom, in which he calculated the damages that each of the trust funds incurred due to Barnhart's allegedly deficient contributions.

At his deposition, Soderstrom testified that he made several assumptions when calculating the trust funds' damages.  For example, if Soderstrom could not verify the location where a Barnhart employee performed work, he assumed that it was within the territorial jurisdiction of the IWSTLDC and assumed that Barnhart owed contributions to the IWSTLDC trust funds for that employee's work.  Soderstrom also revised his reports to increase his calculation of damages owed to the trust funds after receiving directions from Plaintiffs' attorneys indicating his estimates of work performed in the IWSTLDC's territorial jurisdiction were too low.

The district court concluded that the audit reports and Soderstrom's proposed testimony were "expert opinion[s] based on his expertise and experience pursuant to Rule 702" rather than "simply a lay opinion based on personal knowledge."  The district court then determined that "Plaintiffs' miscalculation as to the import of Mr.

-11-

Soderstrom's opinion in connection with Rule 26" was not harmless or substantially justified and excluded his reports and testimony under Rule 37.

District courts have wide discretion in determining whether a witness is "a prospective expert witness subject to the disclosure requirements of Rule 26(a)(2)(B)." See Johnson v. Friesen, 79 F.4th 939, 944 (8th Cir. 2023). "Determining whether a witness is offering an expert or lay opinion requires a case-by-case analysis of both the witness and the witness's opinion." United States v. STABL, Inc., 800 F.3d 476, 486 (8th Cir. 2015). Where a witness's testimony is based on "scientific, technical, or other specialized knowledge" within the meaning of Rule 702, the witness is offering expert testimony even if the witness's opinions were formed before litigation. See Musser v. Gentiva Health Servs., 356 F.3d 751, 756 n.2 (7th Cir. 2004).

Soderstrom, an auditor who routinely audits employers' contributions to union trust funds, undoubtedly has specialized knowledge in how to read and understand complex financial statements beyond that of the average person. See Sancom, Inc. v. Qwest Comms. Corp., 683 F. Supp. 2d 1043, 1067 (D.S.D. 2010) (treating witness as an expert where the witness performed analysis and calculations "beyond the general knowledge of average individuals"). To calculate the alleged underpayments, Soderstrom was required to analyze various financial statements, determine which hours were worked by IWSTLDC union employees in IWSTLDC jurisdiction, and determine the appropriate contribution rate for those hours worked. Moreover, where Soderstrom lacked the information necessary to calculate Barnhart's required contributions, he assumed facts beyond his personal knowledge that were given to him by Plaintiffs' counsel. Cf. Fed. R. Evid. 701(a) (lay opinion testimony must be "rationally based on the witness's perception"). Under these circumstances, the district court was within its discretion to treat Soderstrom as an expert under Rule 702.

Having found no abuse of discretion in the district court's conclusion that Soderstrom sought to offer expert testimony, I would likewise find no abuse of

-12-

discretion in the district court's decision to exclude Soderstrom's testimony and reports.   A party seeking to introduce expert testimony must comply with the disclosure requirements of Rule 26(a)(2)(A), which requires parties to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702 . . . ."  Plaintiffs disclosed Soderstrom as an "individual likely to have discoverable information" under Rule 26(a)(1), but did not disclose him as a potential expert under Rule 26(a)(2).  Plaintiffs contend the failure to disclose Soderstrom as a potential expert was harmless considering his disclosure under Rule 26(a)(1)(A)(i), but "[d]isclosing a person as a witness and disclosing a person as an expert witness are two distinct acts."  KOKO Dev., LLC v. Phillips & Jordan, Inc., 101 F.4th 544, 548 (8th Cir. 2024).  "Under a plain reading of the Rule, witnesses presenting expert testimony must be specifically identified as witnesses presenting expert testimony—not as fact witnesses under Rule 26(a)."  Id. at 547-48.

"The disclosure mandates in Rule 26 are given teeth by the threat of sanctions in Rule 37."  Vanderberg v. Petco Animal Supplies Stores, Inc., 906 F.3d 698, 702 (8th Cir. 2018).  "Rule 37(c)(1) provides that when a party fails to comply with the disclosure requirements in Rule 26(a), 'the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'"  Id.  This sanction is "a self-executing sanction for failure to make a disclosure required by Rule 26(a)."  Fed. R. Civ. P. 37(c) advisory committee's note to 1993 amendment.  "In other words, if a party does not satisfy the expert disclosure requirements in Rule 26(a)(2), the undisclosed information or expert is excluded unless the failure was substantially justified or harmless."  Vanderberg, 906 F.3d at 703.

Plaintiffs' failure to identify Soderstrom as an expert witness was not substantially justified or harmless.  Even though Soderstrom was disclosed as a fact witness and deposed, Barnhart's litigation strategy may have changed had Soderstrom been properly disclosed as an expert.  "Litigants should not have to guess who will offer expert testimony; they need knowledge to conduct their own

-13-

discovery and proffer responsive experts." KOKO Dev., 101 F.4th at 548. "The expert witness disclosure requirements would be rendered meaningless if a party could ignore them and then claim that the nondisclosure was harmless because the other party should have read between the lines." Vanderberg, 906 F.3d at 704. Moreover, Plaintiffs have no apparent justification for their failure to disclose Soderstrom as an expert beyond their claim that they did not believe disclosure was necessary. See id. (affirming exclusion of undisclosed expert where the party did not offer a reason for its noncompliance with Rule 26).

The district court was within its discretion to exclude Soderstrom's expert testimony and reports. For these reasons, I concur in the Court's judgment that the district court properly excluded Soderstrom's testimony and reports and correctly granted summary judgment in favor of Barnhart.

_____